IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID L. WOODWARD,**

                      **Petitioner,**

     v.                                               **CASE NO. 25-3129-JWL**

**JEFF ZMUDA,**

                      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner David L. Woodward, a state prisoner currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. For the reasons explained below, the Court will dismiss this matter without prejudice. If Petitioner wishes to pursue federal habeas relief related to his 1991 convictions, he must obtain authorization to do so from the United States Court of Appeals for the Tenth Circuit before filing a petition in this Court.

### Background

Petitioner is currently incarcerated under sentences imposed for his 1991 convictions of felony murder, kidnapping, sexual exploitation of a child, rape, and indecent liberties with a child. (Doc. 1, p. 1.) The Kansas Supreme Court affirmed his convictions and sentences in January 1994. *State v. Woodward*, Case No. 68,957 (Jan. 21, 1994) (unpublished); *see also State v. Woodward*, 2023 WL 8868564, *1 (Kan. Ct. App. Dec. 22, 2023) (unpublished) (relating procedural history), *rev. denied* May 22, 2025. Petitioner pursued post-conviction relief under K.S.A. 60-1507, but was ultimately unsuccessful. *See Woodward v. State*, 1999 WL 35814115, *1-2 (Kan. Ct. App. Jan. 8, 1999) (unpublished), *rev. denied* Mar. 17, 1999. Since that time, Petitioner has filed in the state

1

courts "numerous motions and appeals." *See Woodward*, 2023 WL 8868564 at *1 (listing cases). The proceedings relevant to the disposition of this matter are described below.

On March 25, 2011, Petitioner filed in state court a motion for DNA testing and/or retesting of, as the Kansas Court of Appeals later put it, "any material related to the criminal investigation resulting in his rape and murder convictions." *Woodward*, 2023 WL 8868564 at *1; *see also State v. Woodward*, 2014 WL 4080160, *2 (Kan. Ct. App. Aug. 15, 2014) (unpublished). On May 24, 2011, while that motion was pending in state court, Petitioner filed in this Court a petition for writ of habeas corpus challenging his 1991 convictions. *See Woodward v. Heimgartner, et al.*, Case No. 11-3102-SAC, 2012 WL 1327805, *1 (D. Kan. April 17, 2012) (unpublished). In a memorandum and order issued on April 17, 2012, United States District Judge Sam A. Crow granted the Respondents' motion to dismiss, holding that the matter was barred by the statute of limitations. *Id.* at *2.

Petitioner appealed, but in an opinion issued on September 7, 2012, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. *See Woodward v. Cline*, 693 F.3d 1289, 1290-91 (10th Cir. 2012), *cert. denied* 133 S. Ct. 669 (Nov. 26, 2012). The Tenth Circuit expressly held "that a postconviction discovery motion does not toll the limitations period for filing a § 2254 application." *Id.* at 1291. The United States Supreme Court denied the subsequent petition for writ of certiorari on November 26, 2012.

On January 22, 2013, the state district court summarily denied the pending motion for DNA testing. *Woodward*, 2014 WL 4080160 at *2. Petitioner appealed and, in an opinion issued on August 15, 2014, the Kansas Court of Appeals reversed the denial and remanded for further proceedings. *Id.* at *1. After receiving the results of DNA testing ordered by the state district court on remand, Petitioner filed in the state court a motion to vacate his felony-murder conviction or to

hold a hearing to determine whether there was a substantial question of Petitioner's innocence, as contemplated by K.S.A. 2022 Supp. 21-2512(f)(3). *Woodward*, 2023 WL 8868564 at *2. The state district court declined to hold a hearing and denied the motion to vacate, and Petitioner appealed. *Id.* In an opinion issued on December 22, 2023, the Kansas Court of Appeals affirmed the denial of the motion. *Id.* at *1. The Kansas Supreme Court denied the subsequent petition for review on May 22, 2025.

On July 9, 2025, Petitioner filed in this Court a petition for writ of habeas corpus under § 2254, which began the case now before the Court. (Doc. 1.) Petitioner asserts four grounds for relief, related to the state-court proceedings detailed above with respect to the DNA testing and, as part of those proceedings, he challenges findings by the state courts about the underlying criminal proceedings. As relief, Petitioner asks that this Court "now consider the issues raised," that this Court hold an evidentiary hearing, and that this Court afford him any relief to which he is entitled. *Id.* at 17. Although Petitioner acknowledges his previous § 2254 actions[1] in this Court, he contends that the arguments in his current petition were not raised in the previous actions and that because these arguments relate to proceedings that were final only in June 2025, when the Kansas Supreme Court denied review, the current petition is timely. *Id.* at 15-16.

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review each habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

---

[1] In addition to the § 2254 action dismissed as untimely in 2012, Petitioner filed in 2007 a § 2254 petition in this Court, which he voluntarily withdrew less than 2 months later. *See Woodward v. Roberts, et al.*, Case No. 7-3091-SAC.

First, timeliness under the AEDPA is not calculated from the date a state court denied relief in any proceeding involving the issues then raised in a subsequent federal habeas petition. Rather, there are four dates that may trigger the beginning of the one-year federal habeas limitation period: (1) the date the judgment became final; (2) the date on which a State-created illegal impediment to filing was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right underlying the federal habeas claim if the Supreme Court made the right retroactively applicable to cases on collateral review; or (4) the date on which due diligence would have revealed the factual basis for the claim. *See* 28 U.S.C. § 2244(d)(1). As the Tenth Circuit has explained, the focus of a § 2254 petition is whether the *judgment* under which the petitioner is in state custody violated the constitution or laws or treaties of the United States. *See Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009). The judgment is the conviction and sentence. *Id.*

Petitioner's argument that the one-year statute of limitations began when the Kansas Supreme Court denied the petition for review in his latest DNA-testing proceedings is misplaced. As the Tenth Circuit explained to Petitioner in 2012, a motion for DNA testing is not the type of "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" that tolls the federal habeas statute of limitations under 28 U.S.C. § 2244(d)(2). *See Woodward*, 693 F.3d at 1293-94. The time in which Petitioner could seek relief from his 1991 convictions under 28 U.S.C. § 2254 expired more than 25 years ago. *See Woodward*, 2012 WL 1327805, at *2 ("The one-year period . . . expired in March 2000.").

In addition to the timeliness issue, to the extent that Petitioner's arguments in the current petition allege errors in the post-conviction DNA-testing proceedings that lasted from 2011 to 2025, Petitioner has not alleged a claim for which relief is available under § 2254. *See also* 28 U.S.C. § 2254(j) ("The ineffectiveness or incompetence of counsel during . . . State collateral post-

4

conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("Federal habeas relief does not lie for errors of state law.").

Finally, to the extent that Petitioner intends to challenge his 1991 convictions, this Court lacks jurisdiction over any such challenges. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As noted above, in 2012, Judge Crow denied Petitioner's petition for federal habeas relief under § 2254 because it was not timely filed. When a § 2254 habeas petition is dismissed as time-barred, that is "a decision on the merits," meaning that "any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements of preauthorization." *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Thus, even if the current § 2254 petition is liberally construed to challenge Petitioner's 1991 Kansas convictions and Petitioner could overcome the timeliness issue discussed above, the current petition is a "second or successive" application for § 2254 relief. There is no indication that Petitioner has obtained from the Tenth Circuit the required preauthorization to file a "second or successive" petition.

When faced with an unauthorized second or successive § 2254 petition, the Court must dismiss it for lack of jurisdiction or, if it is in the interest of justice, transfer it to the Tenth Circuit for possible authorization to proceed. The Court concludes that transfer of this matter would not serve the interest of justice, so it will dismiss this matter. Petitioner need not comply with the notice of deficiency (Doc. 3) issued on July 9, 2025. If Petitioner wishes, he may independently

apply directly to the Tenth Circuit for authorization to proceed in a second or successive § 2254 petition.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for the reasons set forth in this order. Petitioner need not comply with the notice of deficiency (Doc. 3) issued on July 9, 2025. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 18th day of July, 2025 at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge